*Formatted for Electronic Distribution*                                                                                      *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

_____

In re:

**Norman E. LaFayette and
Kathleen A. LaFayette,
Debtors.**

Filed & Entered
On Docket
April 14, 2010

Chapter 13 Case
# 10-10340

_____

| Appearances: | Todd Taylor, Esq. | Melissa Ranaldo, Esq. |
|---|---|---|
| | Todd Taylor Law Office | U.S. Attorney's Office |
| | St. Albans, Vt | Burlington, Vt |
| | For the Debtors | For the Creditor |

### ORDER
### GRANTING DEBTORS' MOTION TO SHORTEN NOTICE UNDER VT LBR 4001-3, GRANTING DEBTORS' MOTION FOR EXTENSION OF THE STAY UNDER § 362(C)(3), AND CONDITIONALLY GRANTING THE UNITED STATES' MOTION FOR RELIEF FROM STAY UNDER § 362(D)

On April 1, 2010, the United States filed a motion for relief from stay under § 362(d) so that the Rural Housing Service ("RHS") could enforce its security interest and foreclosure rights against the Debtors' homestead property (doc. # 17, hereafter the "Relief from Stay Motion"). The Relief from Stay Motion seeks relief on several grounds. RHS asserts that there is "cause" for stay relief based upon (i) the Debtors' lack of good faith, as shown under the standard set forth in § 362(c)(3) and circumstances surrounding the Debtors' prior and current chapter 13 case filings; (ii) the Debtors' failure to provide RHS with adequate protection of its interest in light of the deterioration of the property; (iii) the Debtors' lack of significant change in their financial circumstances that would indicate a likelihood of success in this chapter 13 case; and (iv) the Debtors' repeated failures to stay current on the RHS loan. See § 362(d)(1). RHS also asserts that the Debtors have no equity in the property and the property is not necessary to the Debtors' effective reorganization. See § 362(d)(2).

On April 9, 2010, the Debtors filed opposition to the Relief from Stay Motion (doc. # 18) and filed a motion to enlarge the time to hold a hearing under Vt LBR 4001-3 to extend the stay under § 362(c)(3). The matters were set for hearing on an emergency basis, for April 12, 2010.

At the hearing held on April 12, 2010, Mr. and Mrs. Lafayette both testified, as did Mr. Robert McDonald of the RHS. The Debtors and RHS introduced exhibits and offered legal argument. Based upon the record in this case, the record in the Debtors' prior bankruptcy case (chapter 13 # 05-10743), and the record created in this contested matter, THE COURT FINDS

1. The Debtors have presented evidence to show cause to shorten the Vt LBR 4001-3 notice period for the hearing on their motion to extend the stay, on two grounds. First, they have demonstrated that the Debtors' attorney misunderstood the time within which the motion to extend the stay was to be filed. Second, RHS was not prejudiced by such shortened notice as it was aware of the filing of the Debtors' motion to shorten the notice period and also well aware of the § 362(c)(3) issue (as they referenced it in the Relief from Stay Motion at p. 11).

2. The presumption of bad faith set out in § 362(c)(3) is triggered in this case because the Debtors had another case pending one year before this case was filed, and RHS had obtained relief from stay in that case prior to dismissal. The burden is thus on the Debtors to show by clear and convincing evidence that this case was filed in good faith as to RHS. See § 362(c)(3)(C)(ii).

3. The Debtors have shown, through clear and convincing proof, including the circumstances surrounding their abandoning of the property, RHS' failure to take reasonable steps to monitor and maintain the property, and the resulting damage to the property, as well as the change in the financial circumstances of the Debtors, that this case was not filed in bad faith and therefore have rebutted the presumption that this case was not filed in good faith as to RHS. See § 362(c)(3)(C).

4. The Debtors' failure to pay the RHS mortgage was due to financial distress and not due to bad faith; RHS has not shown that the Debtors' conduct to constitute bad faith sufficient to constitute "cause" for relief from stay under § 362(d)(1).

5. RHS asserts in its motion that the value of the property is no more than $85,000, based upon the opinion of the auctioneer hired by RHS who has been preparing the property for RHS' foreclosure auction. See doc. # 17, ¶ 8. The Debtors assert in their schedules the value of the property is $150,900, based upon its grand list value. See doc. # 1, sch. A. Even assuming that the Debtors' valuation of the property is correct, the Court finds that there is no equity in the property, based upon secured claims listed in the Debtors' schedules and filed in this case. See doc. # 1, sch. D; claims ## 1-1 and 2-1.[1]

6. RHIS has the burden of showing the Debtors have no equity in the property under § 362(g)(1). RHS has met this burden and therefore established the first prong necessary for relief from stay to act against property protected by the stay under § 362(d)(2). See § 362(d)(2)(A).

7. The Debtors have the burden of proof on all other issues. See § 362(g)(2).

8. The Debtors have shown that they intend to stay in the property, intend to repair the property, and need the property is to effectively reorganize their finances, and have also shown they are able to effectuate a viable plan under chapter 13, based upon their current income and expenses and the schedules of debt and plan they have filed in the instant case, as is their burden under § 362(g)(2).

9. RHS is not entitled to relief under the second prong of the test for proceeding against property protected by the stay, and to obtain relief both prongs must be established. See § 362(d)(2).

10. Based upon the circumstances of the Debtors' previous filing and plan default; the close call in this case as to whether the Debtors will be able to perform the plan and whether there is cause for relief under § 362(d)(1); as well as the Debtors' consent thereto at the evidentiary hearing; conditional relief from stay is warranted to adequately protect RHS' interest in the property.

Therefore, IT IS HEREBY ORDERED that

A. The Debtors' motion to shorten notice under Vt LBR 4001-3 is GRANTED.

B. The Debtors' motion to extend the stay under § 362(c)(3) is GRANTED.

C. RHS' motion for relief from stay under § 362(d) is CONDITIONALLY GRANTED such that the Debtors shall be required to begin making payments with the payment due in April 2010, and shall make payments each month thereafter in the manner and amount required, and in the event the Debtors default in their obligations to RHS and fail to cure within 10 days of notice of default, the stay will lift upon an affidavit from RHS affirming those facts.

D. Upon receipt of the next insurance check, the Debtors are to send the check to RHS to be held in escrow; the insurance check is to be used to repair the property.

E. The parties will cooperate with each other to ensure that the property is repaired in the most expedient and effective manner possible and so the Debtors may resume occupancy of the property as soon as possible.

F. Nothing in this order shall preclude the Debtors from filing an objection to RHS' proof of claim.

G. A status conference will be held in this matter at **10:00 a.m.** on **May 4, 2010,** at the United States Bankruptcy Court in Burlington, VT, unless RHS, the Debtors, and the case trustee file a stipulation before that date, indicating that a status conference is not needed.

SO ORDERED.

April 14, 2010  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

---

[1] The Court reserved decision on the admissibility of RHS' appraisal, at the hearing; however, the question is now moot.